C. R. TUBB, SR., v. THE STATE.

No. 12981.   Delivered January 29, 1930.

The opinion states the case.

*Baker & Baker* of Coleman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

The state's witness, D. P. Stacy, testified that he went to appellant's place of business and bought a pint of whiskey from appellant. Appellant testified that the state's witness came to his place of business for the purpose of selling him an automobile. He denied that he sold the witness any whiskey.

Alma Rose Brunson had worked for appellant. She testified that she was present when Stacy came to appellant's place of business, and that appellant did not sell or deliver any whiskey to the witness. Several weeks after the date of the alleged offense officers secured a written statement from Alma Rose Brunson wherein she averred that although she had seen the witness Stacy and appellant together when they were engaged in conversation, she was not close enough to hear what they said and could not say whether or not appellant sold the witness any whiskey. The statement was further to the effect that appellant could have sold the whiskey to the witness without her having knowledge of the fact. After laying the proper predicate, the district attorney introduced the statement in evidence for the purpose of impeaching the witness. Thereafter appellant

offered a witness who would have testified that the witness, Alma Rose Brunson, had told her shortly after the officers secured the written statement from her that she was present on the occasion of the alleged sale of liquor to Stacy and that appellant did not sell or deliver any whiskey to said witness. The district attorney objected to the testimony and the court sustained the objection. The state did not attempt to show that the witness had a motive for changing her testimony between the time the impeaching statement was made and that on which she stated that appellant did not sell any whiskey to the witness. It is the general rule that a witness who has been impeached by showing that he has made statements contradictory to his testimony given on the stand may be supported by proof that he made the same statement soon after the transaction. The lapse of time is not the test of the admissibility of such testimony. When the proper predicate has been laid, consistent statements are admissible, whether made before or after the making of the impeaching statement. White v. State, 62 S. W. 575; Taylor v. State, 221 S. W. 611. Under the rule referred to the testimony should have been admitted. The witness sought to be supported gave testimony material to appellant's defense. The issue of guilt was closely contested. We are unable to reach the conclusion that the error was harmless.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.